# United States District Court Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| UNITED STATES OF AMERICA | Plantiff(s) |
|---|---|
| VS. | |
| IVAN ARCHIVALDO GUZMAN, SALAZAR ET AL. | Defendant(s) |
| Case Number: 09 CR 383 | Judge: SHARON JOHNSON COLEMAN |

I, Jeffrey Harris Lichtman hereby apply to the Court under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

Ovidio Guzman Lopez by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| U.S. District Court for the Eastern District of New York | 1991 |
| U.S. District Court for the Southern District of New York | 1991 |
| U.S. District Court for the Western District of New York | 1992 |
| United States Supreme Court | 2008 |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| 20 CR 575 | United States of America v. Omar Maani | Granted 8/23/2022 |
| | | |
| | | |
| | | |

*If denied, please explain: (Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

Has the applicant designated local counsel? Yes [X] No [ ]

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| Question | Yes | No |
|---|---|---|
| sanctioned, censured, suspended, disbarred, or otherwise disciplined by any court? | X | |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | | X |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court? | | X |
| denied admission to the bar of any court? | | X |
| held in contempt of court? | | X |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

October 2, 2023
Date

S/ [signature]
Electronic Signature of Applicant

| Applicant's Name | Last Name: Lichtman | First Name: Jeffrey | Middle Name/Initial: H |
|---|---|---|---|
| Applicant's Law Firm | Law Offices of Jeffrey Lichtman | | |
| Applicant's Address | Street Address: 11 East 44th Street | | Room/Suite Number: 501 |
| | City: New York | State: New York | ZIP Code: 10017 |
| | Work Phone Number: (212) 581-1001 | Email Address: jhl@jeffreylichtman.com | |

**(The pro hac vice admission fee is $150.00 and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $188.00 The fee for pro hac vice admission is $150.00. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

Rev. 8/3/2022

BRIEF DESCRIPTION OF INCIDENT:

      No disciplinary proceedings are presently pending against me in any jurisdiction and I remain in good standing in all federal and state courts of New York and courts throughout the country.

      However, on September 15, 2014, I received a private admonition from the First Judicial Department in New York for conduct which adversely reflected on my fitness as a lawyer pursuant to Rule 8.4(h) of the New York Rules of Professional Conduct. Specifically, I had a client who was serving a sentence in a detention facility in lower Manhattan; he was transferred to Rikers Island, a jail which the client and his family believed was very dangerous. Although I had no contact in the Corrections Department and had no intention of paying a bribe, I indicated to the client's wife that I had a contact in the Corrections Department who could get her husband transferred back to the facility in lower Manhattan. In fact, my ability to effect such a transfer actually rested with a former client of mine instead, who had spent some time in that Manhattan facility. I had indicated to the client's wife that a payment to the unnamed Corrections Department official might be required even though I had no intention of taking any payment – because I believed that unless she genuinely believed I had a contact in the Corrections Department she might attempt to bribe someone in the Corrections Department herself as she and her family had threatened to try to bribe officials associated with the prosecution numerous times. No such bribe was ever solicited or paid and I never contacted anyone in the Corrections Department about this client's housing request.